## SIMMONS v. WEST.

March 31, 1838.

*Rule to show cause why a new trial should not be granted.*

Action by an endorsee against the maker of a promissory note.    The note was given by the maker to the payee and endorser to induce him to withdraw his opposition to the defendant's discharge as an insolvent debtor at the time of his application for that purpose:    *Held :*

1. The note is void as between the original parties.

2. The plaintiff cannot recover unless he shows a *bona fide* consideration paid for its transfer to him.

3. But the plaintiff is not bound to show the consideration, and may recover, unless the defendant shall give express notice to the plaintiff to prove the consideration on the trial.

4. And the defendant is not entitled to give the original circumstances constituting the illegality of the note in evidence at all, unless he specially pleads the matter, or gives notice of it to the plaintiff.

5. Defendant's affidavit of defence filed on the institution of the suit, disclosing the circumstances, will not dispense with the necessity of the special plea or the notice previous to trial.

THE verdict had been for the defendant.    The plaintiff moved for a new trial.    The reasons and facts sufficiently appear in the opinion of the court.

*Haly*, for plaintiff.
*Fallon*, for defendant.

The opinion of the court was delivered by

STROUD, J.—Assumpsit by the endorsee against the maker of a promissory note for $116 75 cents, dated January 20, 1832,

[Simmons v. West.]

and payable to the order of William Fulmer, four years after date. The signatures of the maker and the payee were admitted.

The defence intended to be set up was, that the note was one of several given by the defendant to Fulmer, to induce him to withdraw his opposition to the defendant's discharge as an insolvent debtor under the laws of this commonwealth, for the benefit of which the defendant was an applicant when the note was given. The substance of this defence is contained in two affidavits made by the defendant, and filed in this court shortly after the action was instituted, in order to prevent judgment under the second section of the act constituting this court, passed March 20, 1835. This defence was held sufficient by the Supreme Court, as appears by the report in 2 *Wharton's Reports* 261, and a *venire de novo* having been awarded, the cause came on for trial before me on the 2d of January last, when the defendant proved by the admissions of Fulmer, whilst he held the note, that it had been received by him from the defendant about the time of the defendant's discharge under the insolvent laws, &c., as alleged by the defendant, but no proof was given of a knowledge of these circumstances by the plaintiff, nor was there any ground to believe that the note was *not* transferred to the plaintiff till after its maturity. Notice had *not* been given to the plaintiff to show *on the trial* the consideration which he had paid for the note, and he offered no evidence on the subject, contending that he was not bound to make such proof in consequence of the neglect of the defendant in regard to the notice. I told the jury that if they believed the note was given by the defendant to Fulmer, to induce him to withdraw his opposition to the defendant's discharge as an insolvent debtor at the time of his application for that purpose, this would vitiate it as between the original parties, and the plaintiff not having shown any consideration paid for its transfer to him, would stand in no better situation than *Fulmer*. These directions to the jury were in accordance with the *present* state of the law on this subject in the English Courts, as stated by *Byles* in his excellent condensation of the law on bills of exchange. "The defendant," to use his language, page 61, "is not in general permitted to put the plaintiff on proof of the consideration which the plaintiff gave for the bill, unless the defendant can make out a *prima facia* case against him, by showing that the bill was obtained from the defendant or from some intermediate party,

17*

[Simmons v. West.]

by undue means as by fraud, felony or force, or that it was lost, or that he received no consideration." And in a note to this passage, he adds, " it was formerly necessary, in order to enable the defendant to put the plaintiff on proof of consideration, that the defendant should have given the plaintiff notice to prove consideration. Patterson *v.* Hardacre 4 *Taun.* 114, *Bayley 5th edit.* 472—500. It is, *now,* however, *settled,* that notice to prove consideration is *not* necessary. Mann *v.* Lent, 1 *M. & M.* 240 ; Heath *v.* Sansom, 2 *B. & Ad.* 291."

Patterson *v.* Hardacre, which is cited as authority for the former practice of requiring notice to the plaintiff in order to put him on proof of consideration, was a well considered case in the *Common Pleas,* and for a series of years governed the practice of that court, although in the *King's Bench* its authority was not acknowledged. The existing organization of the English Common Law Courts, however, has led to a uniformity of practice in all those tribunals, and the rule of the King's Bench has prevailed, abrogating, therefore, the doctrine of Patterson *v.* Hardacre. This contrariety of practice in the *Common Pleas* and *King's Bench* is adverted to by *Judge Sergeant* in Beltzhoover *v.* Blackstock, 3 *Watts* 27, and the rule of the Common Pleas pronounced to be the law of our courts. The facts of Beltzhoover *v.* Blackstock so far as concerns the character of the defence, and also in the *omission* by the defendant of a *previous* notice to the plaintiff, that he would be required on the trial, to show the consideration he paid for the transfer from the payee to him of the note, may be considered as identical with the case at bar. In that case the court below rejected evidence, contained in a notice given by the defendant before the trial, of circumstances which would have been a defence between the original parties, because the defendant had neglected to apprise the plaintiff of his intention to exact proof of the consideration which passed from him to the original holder when the note was endorsed. And this decision was sustained by the Supreme Court. On the same ground, it is our duty to grant a new trial, as a similar defect existed here, and yet the evidence was received under a misapprehension of the *limited* extent of the notification supplied by the affidavits before referred to as filed in the cause.

As this cause will probably come before the court again, it is proper to express our opinion upon a question made on the late

[Simmons v. West.]

trial, and discussed on the present application. The defendant gave no *formal* and *specific* notice of his purpose to prove on the trial, the circumstances which tainted the note in its inception. He relied on the *affidavits* filed in the cause, for the purpose already mentioned, as a substitute for a special notice, and I admitted the evidence, *reserving the point.* I had in recollection at the moment of this suggestion, the opinion expressed by *Judge Duncan*, in Heck *v.* Shener, 4 *S. & R.* 256, that evidence adduced before arbitrators, dispensed with the necessity of notice of special matter required to be furnished by a rule of court, in order to entitle its reception on a subsequent trial. And in Goodwin *v.* White, 1 *Browne's Rep.* 272, it was decided that on the trial of an issue directed to try the right to certain money in court, *special matter*, which by rule of court would have been excluded, because no notice of it had been given previous to the trial, was nevertheless admissible, inasmuch as it was contained in a *deposition filed in the cause*, at the time when the issue was directed. I am satisfied, however, that to the proper despatch of trials by jury, it is essential to exact the giving of *specific* notice, as it precludes the discussion which is sure to arise on any extraneous mode of information, and where the means of communication relied on is, as was the case on this trial, an *affidavit* of the party, a strong objection may be urged from the just apprehension that the knowledge of this circumstance may unduly influence the jury. I am glad to find, therefore, that the Supreme Court has negatived the doctrine of *Judge Duncan* in Heck *v.* Shener. This appears from the report of Boyer *v.* Fenstermacher, 2 *Whart. R.* 97, where to an argument of counsel, " that it was not necessary to give notice of set-off, because the case had been tried before arbitrators and the evidence gone into before them," the court interrupting said, " we have several times decided that notice of special matter is necessary, although the evidence may have been given before arbitrators"—and see McClung *v.* Willard, 5 *Watts* 275.

Rule absolute.